UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                Case No. 23-20062
                                                Honorable Victoria A. Roberts

IBRAHIM SAMMOUR,
D-5,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO CORRECT THE RECORD OF MISLEADING AND FALSE STATEMENTS [ECF No. 65]

### I.    INTRODUCTION

Ibrahim Sammour ("Defendant") moves for an order requiring the government's AUSA Shankar Ramamurthy to correct the record regarding his allegedly false and misleading statements spoken at Defendant's initial hearing on February 15, 2023. Because Defendant's motion lacks merit and borders frivolity, the Court **DENIES** the motion.

### II.    LEGAL STANDARD

The Michigan Rules of Professional Conduct state that "A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to

1

the tribunal by the lawyer. MRPC 3.3(a)(1).

### III.    ANALYSIS

On February 15, 2023, Defendant made an initial appearance. He alleges that during the proceeding, the government misled the Court by stating that Defendant did not disclose his income to pretrial services, which implied that Defendant was concealing it. He says that although it is true that he did not disclose his income, pretrial services never asked him about his income in the first instance. Defendant also argues that the government misled the Court by implying, without proof, that Defendant was concealing his assets. These are the statements that Defendant asks the Court to compel the government to correct.

However, the government made no actual false statement of material fact, nor does Defendant point to any. Rather, Defendant merely argues that the government "implied" that he was dishonest about his finances. These "implications" do not necessitate correction of the record—Defendant has not shown how the statements in question are factually false, nor how they are even material to his case. Even if the Court presumed that the government made false statements—which it did not—the statements did not prejudice Defendant's case. The magistrate judge disagreed with the government's arguments about Defendant's finances and denied its request for a tether.

This begs the question: what does correction of the record serve when 1) the government made no actual false statement of material fact, and 2) in any event, Defendant was not prejudiced by the government's challenged statements as the magistrate judge found in his favor?

Defendant also cites no caselaw to support his motion or the legitimacy of the relief sought.

Defendant's requested relief is unnecessary, immaterial, and borders on frivolity. The Court admonishes Defendant's counsel for needlessly straining the Court's limited resources.

## IV.    CONCLUSION

Because Defendant cannot show that the government made a false statement (let alone a false statement *of material fact*) that warrants correcting the record, the Court **DENIES** his motion.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  4/26/2023