UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,            No. 23-cr-20062

    v.                       Hon. Victoria A. Roberts

D-5 IBRAHIM SAMMOUR

              Defendant.

---

## UNITED STATES' RESPONSE TO
## DEFENDANT'S MOTION (ECF NO. 81)

---

The Defendant seeks to amend his pretrial release conditions to expressly allow him to work for a home health care company, Experts in Home Health Management, Inc ("Experts"). He seeks to work in precisely the same industry in which he is alleged to have committed health care fraud, engaging in precisely the same role through which he is alleged to have committed health care fraud. His alleged conduct presents a risk that he will engage in similar behavior if presented the opportunity, resulting in additional losses to the Medicare program.[1] His present bond conditions permit him to work as a nurse and, moreover, allow him to work for companies that bill Medicare, so long as the employment is approved by

---

[1] Additional confidential information specific to the Defendant's request to work for Experts can be provided to the Court *ex parte* and *in camera*, upon request.

Pretrial Services in consultation with the government. The condition is sufficient to allow him to earn a wage while also protecting the public fisc. The motion to amend the conditions should be denied.

## Background

The Defendant was indicted by a Grand Jury on February 1, 2023, for his participation in a health care fraud conspiracy that sought to bilk $50 million from the Medicare program and which resulted in over $43 million in actual loss to the Medicare program. (ECF No. 1). Defendant was a nurse providing services for several home health companies owned and operated by Co-Defendant Walid Jamil (collectively, the "Jamil HHCs"). In doing so, he falsified home health certifications, plans of care, nursing visit notes, evaluations, re-certifications, and discharges, allowing the Jamil HHCs to submit claims for services that were not needed and not provided. *Id.*

The Defendant was arraigned and made his initial appearance on February 15, 2023. During the hearing, the government requested as a condition of his bond, that the Defendant be prohibited from billing or causing billing to Medicare. (ECF No. 16, at 11:40). U.S. Magistrate Judge Stafford, agreed that the Defendant will not be permitted to directly bill Medicare but expressed a concern about his ability to seek employment if his work caused billing to Medicare. (ECF No. 16 at 11:40 to 24:00). In particular, the Magistrate Judge Stafford suggested that the likelihood

2

of the Defendant engaging in fraudulent activity at a hospital would be less, despite the fact that the hospital may bill Medicare. *Id.* She believed that any danger of possible fraud could be allayed by Pretrial Services' oversight and approval of any health care employment. *Id.* However, she specifically addressed his ability to work for a home health company: "certainly not home health, where he is unsupervised and can fabricate." (*Id.* at 17:38). Defendant's counsel specifically asked the Court whether the Defendant would be permitted to work for a home health company, to which Magistrate Judge Stafford responded, "I tend to think that home health care is less likely." (*Id.* at 22:35 to 23:35).

On April 11, 2023, Pretrial Services informed the United States that the Defendant was seeking employment at Care First Home Health Services, Inc. ("Care First"). On April 12, 2023, the government informed Pretrial Services that the it did not have concerns with the Defendant's employment with Care First. On April 28, 2023, Pretrial Services informed the United States that the Defendant was seeking employment with Experts. On May 2, 2023, the United States informed Pretrial Services that it had concerns about the Defendants employment with Experts. The same day the United States also informed Defendant's counsel of its concerns.

3

## **ARGUMENT**

The Defendant seeks employment at Experts, a home health care company providing services in the Eastern District of Michigan. He requires permission from Pretrial Services precisely because this entity bills Medicare. While the Defendant is not prohibited from working for a home health care company, doing so, as Magistrate Judge Stafford noted, is it fraught. This is a not a position as a nurse at a hospital or with a large health care system, that would provide the type of oversight contemplated by Magistrate Judge Stafford, that could mitigate the risk of the Defendant engaging in the same fraudulent behavior alleged in the Indictment. Instead, the Defendant seeks to go back to the industry that led to his indictment, and back to providing the same services that allegedly defrauded Medicare of millions of dollars.

Importantly, the government doesn't object for objection's sake. The government has not objected to every employment opportunity sought by the Defendant. The government has not even objected to every home health care company with which the Defendant has sought employment. Specifically, the government did not object to the Defendant's employment with Care First. But the government has concerns with the Defendant's employment with Experts and expressed those concerns to Pretrial Services and Defendant's counsel as required by the release condition. The Defendant continues to be free to seek employment

4

with any other entity, including the hospitals and large healthcare systems

suggested by Magistrate Judge Stafford, with the approval of Pretrial Services.

## **<u>CONCLUSION</u>**

The Defendant's motion should be denied.

Dated:        May 16, 2023                    Respectfully submitted,

                                                            DAWN N. ISON
                                                            United States Attorney


                                                            *<u>s/ Shankar Ramamurthy</u>*
                                                            Shankar Ramamurthy
                                                            Trial Attorney
                                                            U.S. Department of Justice
                                                            Criminal Division, Fraud Section
                                                            211 W. Fort St., Suite 2001
                                                            Detroit, MI 48226
                                                            (202) 924-5368
                                                            Shankar.Ramamurthy@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2023, I filed the foregoing document with the Clerk of the Court using the ECF system, which will send notice of the filing to counsel of record.

*s/ Shankar Ramamurthy*
Shankar Ramamurthy
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
211 W. Fort St., Suite 2001
Detroit, MI 48226
(202) 924-5368
Shankar.Ramamurthy@usdoj.gov