UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 23-20062
                                                 Honorable Victoria A. Roberts

IBRAHIM SAMMOUR, D-5.,

    Defendant.
_____/

## THIRD AMENDED ORDER FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION

The government charged Ibrahim Sammour by indictment with one count of conspiracy to commit health care fraud. The government accuses him of defrauding the United States of millions of dollars through a fraudulent billing scheme. Despite the severity of the accusation, Sammour does not appear to be concerned with discussing the merits of his case or participating in his defense with counsel. Instead, he continues to file pro se letters—many of which are unintelligible—accusing Assistant United States Attorney Shankar Ramamurthy of corruption, conspiracy, and prosecutorial misconduct.

Sammour is fixated on AUSA Ramamurthy and believes he and government witnesses, the Court, and his lawyer are all engaged in an elaborate conspiracy against him. This theory, the nature of his letters, and

1

his lack of participation and concern for the critical elements of his defense, give this Court reasonable cause to believe that Sammour may be mentally incompetent to stand trial.

When there is reasonable cause to question a defendant's competence, a court has the duty to order an inquiry into the defendant's competency. 18 U.S.C. § 4241(a). See also *United States v. White*, 887 F.2d 705, 709 (6th Cir. 1989). The Court may issue such an order *sua sponte. Id*.

The Sixth Circuit articulates a three-step process when addressing questions of a defendant's competency. First, there must be "reasonable cause to believe that [the accused] may be unable to understand the proceedings against him or properly to assist in his own defense." Such lack of capacity may take the form of insanity or other mental incompetency. *United States v. Geier*, 521 F.2d 597, 600 (6th Cir. 1975).

Once the court finds reasonable cause, it "shall [order] the accused...to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court." *Id*.

Lastly, if the psychiatrist's report indicates lack of requisite competency, the court shall hold a hearing, with notice. *Id.* At the hearing, parties may submit evidence of the accused's mental condition and the court will issue a decision with respect a defendant's mental competency. *Id*.

The Court finds there is reasonable cause to believe Sammour is mentally incompetent, such that it affects his ability to understand the consequences of the proceedings against him and to assist in his defense. The Court orders an evaluation of Sammour's mental competency to stand trial.

Pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§4241-4247, the Court orders:

1. A custodial psychiatric or psychological evaluation for Sammour at a federal facility for a period not to exceed 30 days pursuant to 18 U.S.C. § 4247(b). The director of the facility performing the examination may apply for a reasonable extension of time, upon a showing of good cause that the additional time is necessary to observe and evaluate Sammour.

2. Mr. Sammour must surrender for commitment and travel or arrange his own travel to and from the designated facility.

3. The evaluation is to be conducted pursuant to 18 U.S.C. § 4247(b).

4. The examining psychiatrist or psychologist will prepare, as soon as practical, a written report that includes: (1) the Sammour's history and present symptoms; (2) description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's

findings; and (4) the examiner's opinions concerning (a) diagnosis; and (b) whether Sammour suffers from a mental disease or defect which renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

5. The examiner must promptly file the written report with the Court and provide copies to defense counsel and the government

6. A competency hearing will be conducted after receipt of the examiner's written report.

**IT IS ORDERED**.

s/ Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated:  7/19/2023