UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 23-20062
                                              Honorable Victoria A. Roberts

IBRAHIM SAMMOUR, D-5.,

    Defendant.
_____/

## **ORDER DENYING DEFENDANT'S MOTION FOR RELEASE DURING PSYCHOLOGICAL EXAMINATION**

Ibrahim Sammour is charged by indictment with one Count of conspiracy to commit health care fraud. He is on bond pending trial. The government accuses Sammour of defrauding the United States of millions of dollars through a fraudulent billing scheme. The charges are serious; he faces significant penalties and incarceration.

Sammour has shown little interest in participating in his own defense. Throughout these proceedings, Sammour focuses his attention on ex parte communications to the Court accusing Assistant United States Attorney ("AUSA") Shankar Ramamurthy of corruption, conspiracy, and prosecutorial misconduct.

1

The content of these communications is troubling. They express a fixation on AUSA Ramamurthy and an unsupported belief that Ramamurthy, government witnesses, the Court, and his lawyer are all engaged in an elaborate conspiracy against him. Sammour's actions gave this Court reasonable cause to believe that he may be mentally incompetent to stand trial.

In accordance with its duty to ensure defendants are able to understand and participate in the proceedings against them, the Court ordered a custodial psychiatric or psychological evaluation for Sammour at a federal facility for a period not to exceed 30 days pursuant to 18 U.S.C. § 4247(b). *See United States v. White*, 887 F.2d 705, 709 (6th Cir. 1989).

The evaluation is outpatient. While Sammour will not be hospitalized during the evaluation period, he will be in the custody of the Bureau of Prisons. Sammour objects to a custodial evaluation. He says his custodial commitment during the evaluation period violates due process. The Court disagrees.

For one thing, Sammour's commitment protects his due process rights. It is well established that competency is an underlying predicate to due process. *Drope v. Missouri*, 420 U.S. 162, (1975). A defendant has a

constitutional right "not to be tried while legally incompetent," and "failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial." *Id*. This is why any judge with a "bona fide" doubt about a defendant's competence must, *sua sponte*, investigate the defendant's "rational understanding." *Pate v. Robinson*, 383 U.S. 375 (1966). As the Court expressed, Sammour's communications raise serious doubts about his rational understanding of the proceedings against him.

Sammour cites to an Eighth Circuit case, *United States v. Neal*, 679 F.3d 737 (8th Cir. 2012), and a Fifth Circuit case *In re Newchurch*, 807 F.2d 404 (5th Cir. 1986) to argue that a custodial evaluation of him would be unconstitutional. In *Neal* and *Newchurch*, the appeals courts vacated the district courts' commitment orders on constitutional grounds. But those cases are distinguishable.

Both concern inpatient commitments, which require a defendant to remain hospitalized during the evaluation. Inpatient evaluations pose far greater restrictions than the outpatient evaluation Sammour faces.

Further, in both cases the government was the moving party. Both circuit courts took issue with the evidence supporting inpatient commitment

3

offered by the government. Here, the Court moved for an evaluation *sua sponte* based on Sammour's communications and interactions with his attorney, the AUSA, and the Court. For example, below is an excerpt from Sammour's July 21, 2023 email to the Court, his counsel, and members of the United States Attorney's Office:

> [T]he AUSA Knowingly continued [sic] persisting in his malicious accusations of me in hearing [sic] then The AUSA Ramamurthy conspired with the pretrial officer ADAM HUSSEY to lie for him , but the defunct document Ramamurthy presented to court trapped both of them, evidence that both of them both conspired with other [sic] and both of them were liars.

The Court can produce over a dozen similar messages which make little sense and ultimately fail to address the relevant issues in Sammour's case and the charges he faces.

Finally, even considering the two cases Sammour cites, the Court cannot ignore the overwhelming case law across the judiciary supporting outpatient commitment and evaluation under § 4247(b) in cases where a defendant appears incompetent. *See United States v. Dalasta*, 856 F.3d 549 (8th Cir. 2017) (acknowledging that the outpatient commitment of a

defendant under § 4247(b) is permissible) ; *United States v. Song*, 530 F. App'x 255 (4th Cir. 2013) (same); *United States v. Neal*, 679 F.3d 737 (8th Cir. 2012) (same); *Pierce v. Blaine*, 467 F.3d 362 (3d Cir. 2006) (same); *United States v. Weston*, 194 F.3d 145 (D.C. Cir. 1999) (same); *United States v. Deters*, 143 F.3d 577 (10th Cir. 1998) (same); *United States v. Shawar*, 865 F.2d 856 (7th Cir. 1989) (same); *United States v. Hill*, No. 21CR20307GADKGA3, 2022 WL 17995538 (E.D. Mich. Dec. 29, 2022) (same).

The Court recognizes a custodial evaluation is not an ideal setting for Sammour. However, it is within the Court's power to order such an evaluation, and it is necessary to protect his right to a fair trial.

The Court **DENIES** Sammour's motion for release during psychological examination.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: 7/31/2023

5